# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA HUDNALL | CIVIL ACTION |
| VERSUS | 24-802-SDD-SDJ |
| GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY | |

## RULING

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Garrison Property and Casualty Insurance Company ("Defendant" or "Garrison").[1] Plaintiff Linda Hudnall ("Plaintiff" or "Hudnall") opposes the motion.[2] Defendant has not filed a reply. The Court has considered the law, arguments, and submissions of the parties and is prepared to rule. For the following reasons, Defendant's Motion for Partial Summary Judgment[3] is granted.

### I. BACKGROUND

Plaintiff's roof was leaking into her home following a July 31, 2023 weather event.[4] She filed suit against her homeowner's insurer, Garrison, on September 27, 2024.[5] She asserts breach of contract and bad faith claims with respect to Garrison's alleged undervaluation of her property damage.[6] Plaintiff has a complex roof system known as a gravel stop roof.[7] A gravel stop roof "usually consists of about five different layers of

---

[1] Rec. Doc. 11. Garrison is a subsidiary of USAA Casualty Insurance Company. *See* Rec. Doc. 11-3, p. 5.
[2] Rec. Doc. 14.
[3] Rec. Doc. 11.
[4] *See* Rec. Doc. 11-5, p. 2; Rec. Doc. 14-2, pp. 16–17.
[5] Rec. Doc. 1.
[6] *Id.*
[7] *See* Rec. Doc. 14-2, p. 17; Rec. Doc. 14-3, p. 21.

product, starting from a base layer, then . . . a tar layer, a felt layer, [and] then another layer with gravel on top."[8]

Plaintiff had two experts inspect her property: Ryan Sharp ("Sharp") and Daniel Johnson ("Johnson"). Sharp is the owner of Red Stick Roofing Specialists.[9] He assessed Plaintiff's roof to determine where it was leaking and what repairs needed to be done.[10] Due to the complexity of Plaintiff's gravel stop roof, Sharp "had a hard time locating exactly where the leak or leaks were coming from . . . ."[11] He planned to explore some minor repairs previously done "and see if [they] could find out the root of the problem."[12] Before doing so, Sharp sought a permit to ensure that everything was in accordance with local building officials.[13] East Baton Rouge Parish Department of Development denied Sharp's permit, explaining that "[t]ar and gravel roofs are not an approved material under the IRC."[14] In Sharp's view, this letter states "that the roof is not repairable because they will not allow . . . work on tar and gravel anymore."[15] He further testified that "[a]fter receiving this letter and a couple of phone calls with the Department of Development, they were not going to allow [him] to in a sense explore [the roof] and put it back together. They said no."[16] Thus, Sharp "took this letter as [tar and gravel] is not an acceptable material to use or to repair."[17] He is of the opinion that the roof must be fully replaced using a different material.[18]

---

[8] Rec. Doc. 14-2, p. 17.
[9] *Id.* at p. 5.
[10] *Id.* at p. 16.
[11] *Id.* at p. 17.
[12] *Id.* at p. 20
[13] *Id.*
[14] Rec. Doc. 11-3, p. 2.
[15] Rec. Doc. 14-2, p. 21.
[16] *Id.* at p. 36.
[17] *Id.* at pp. 21–22.
[18] *Id.* at p. 36.

Johnson is a public adjuster who owns Destination Claims.[19] He inspected Plaintiff's property[20] and concluded that tree limbs punctured her roof.[21] Johnson testified that "[t]hey had some leaks around the chimney, which could be typical in that type of roof" and that there were "some leaks in some puncture areas."[22] In his opinion, the punctures that he found could not be repaired "[b]ecause you can't remove the gravel on this thing without damaging the first and second layer of the roof."[23] Thus, a full roof replacement is needed, not because of a "code issue," but because of "repairability."[24]

Defendant had Paul LeGrange ("LeGrange") of LaGrange Consulting, LLC inspect Plaintiff's property.[25] He also reviewed Redstick Roofing Specialists' report/estimate.[26] LeGrange issued a report concluding that Plaintiff's property damage was unrelated to the July 31, 2023 weather event and was instead "due to the age of the roof . . . ."[27] Thus, "[f]ull removal and replacement of the roof system as a result of hail and wind damage was not proven nor supported by visual or physical damage and is not warranted nor necessary."[28]

---

[19] Rec. Doc. 14-3, pp. 5, 10.
[20] *Id.* at p. 10.
[21] *Id.* at p. 20.
[22] *Id.* at p. 21.
[23] *Id.* at p. 32.
[24] *Id.* at p. 43.
[25] *See* Rec. Doc. 11-5.
[26] *Id.* at p. 4.
[27] *Id.*
[28] *Id.* The Court notes that in briefing, Defendant cites LeGrange's report and contends that "Le[G]range inspected the property and determined that the roof can be repaired, rather than replaced. In fact, he noted evidence of prior repairs to the roof." Rec. Doc. 11-1, p. 2. LeGrange did not explicitly make this conclusion in his report and instead found the following:

> The main dwelling roof and associated accessories are old and has[sic] reached the end it's[sic] useful life.
>
> The water stains on the living room ceiling were documented by the plaintiff's expert on October 11, 2023. The same water stains were photographed at our May 2025 inspection. The roof has not been repaired since the July 2023 event. The size, shape, and color of

Defendant now moves for partial summary judgment as to Plaintiff's bad faith claim.[29] It argues that "[w]here there is a reasonable disagreement between the insured and the insurer as to the amount of loss, the insurer's refusal to pay is not arbitrary, capricious or without probable cause and failure to pay within the statutory delay does not subject the insurer to penalties."[30] Plaintiff opposes the motion, arguing that bad faith in this case is a factual determination that must be left to the trier of fact.[31]

## II.    SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[32] "The movant bears the initial burden and must identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"[33]

---

the stains are unchanged, indicating that the roof is not leaking as a result of the July 2023 claim. I suspect that the interior water stains originated from past roof leaks, based on the locations of previous roof repairs.

My conclusion from my physical examination and inspection is the damaged noted in Redstick Roofing Specialist's report/estimate are due to the age of the roof, not hail impacts or wind damage related to the July 2023 claim. Full removal and replacement of the roof system as a result of hail and wind damage was not proven nor supported by visual or physical damage and is not warranted nor necessary. The decayed wood and peeling paint on the fascia and soffit are related to ongoing water intrusion at the outer perimeter of the roof and is not the result of an one time event.

Rec. Doc. 11-5, p. 4.
[29] Rec. Doc. 11.
[30] Rec. Doc. 11-1, p. 2 (citing *Sibley v. Insured Lloyds*, 442 So. 2d 627, 632 (La. Ct. App. 1 Cir. 1983)).
[31] Rec. Doc. 14, pp. 4–5.
[32] Fed. R. Civ. P. 56(a).
[33] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted)).

However, "the movant 'need not negate the elements of the nonmovant's case.'"[34] That is, "[a] movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial."[35] "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim."[36]

If the movant carries the burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"[37] The non-movant's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[38]

Ultimately, "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."[39] Additionally,

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.[40]

---

[34] *Id.* (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc))).
[35] *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019) (citing *Celotex*, 477 U.S. at 323 ("we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.") (emphasis in original)).
[36] *Id.* (citing *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002)).
[37] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal citations omitted).
[38] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted).
[39] *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (cleaned up).
[40] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (internal citations omitted).

## III. LAW AND ANALYSIS

"Louisiana Revised Statute[s] Sections 22:1892 and 22:1973 govern bad faith insurance claims under Louisiana law."[41] "The purpose of these penalty statutes is to 'provide remedies to insureds whose insurance claims are improperly handled or to whom payment is unreasonably delayed.'"[42] To succeed in her claim under these statutes, Plaintiff must prove that Garrison failed to pay within thirty or sixty days of receiving satisfactory proof of loss and that its failure to pay was "arbitrary, capricious, or without probable cause."[43] "A refusal to pay that is arbitrary, capricious, or without probable cause means that the refusal was vexatious, unjustified, or without reasonable or probable cause or excuse."[44] "Both § 22:1892 and § 22:1973 are to be 'strictly construed and should not be invoked when the insurer has a reasonable basis for denying coverage.'"[45]

"Whether an insurer's action was arbitrary, capricious, or without probable cause is essentially a fact issue to be determined by the trial court."[46] "However, summary judgment has been found to be appropriate when there is no evidence of an insurer's bad

---

[41] *Gentilly, LLC v. State Farm Fire and Casualty Co.*, No. 23-262, 2024 WL 5246606, at *4 (E.D. La. Dec. 30, 2024).

[42] *Bourg v. Safeway Ins. Co. of La.*, 2019-0270 (La. Ct. App. 1 Cir. 3/5/20), 300 So. 3d 881, 888–89 (quoting *Lee v. Sapp*, 2017-0490 (La. Ct. App. 4 Cir. 12/6/17), 234 So. 3d 122, 128). *See also Cazenave v. Anpac La. Ins. Co.*, No. 16-1420, 2016 WL 7368414, at *4 (E.D. La. Dec. 20, 2016) ("These statutes prohibit 'virtually identical' conduct, and the primary difference between them is the time period allowed for payment.").

[43] *French v. Allstate Indem. Co.*, 637 F.3d 571, 585 (5th Cir. 2011). *See also Mahadev v. Amguard Ins. Co.*, No. 22-344, 2024 WL 3588579, at *3 (M.D. La. June 20, 2024); *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 738 (5th Cir. 2010) ("Sections 1892(B)(1) and 1973(B)(5) penalize insurers for failing to pay claims within thirty and sixty days, respectively, after receiving satisfactory proof of loss, but only if such failure is 'arbitrary, capricious, or without probable cause.'").

[44] *Treigle v. State Farm Fire & Cas. Ins. Co.*, No. 22-581, 2023 WL 3569828, at *4 (E.D. La. May 19, 2023) (citing *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 300 (5th Cir. 2009); *La. Bag Co. v. Audubon Indem. Co.*, 2008-0453 (La. 12/2/08), 999 So. 2d 1104, 1114; *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107 (La. 10/21/03), 857 So. 2d 1012, 1021).

[45] *Cazenave*, 2016 WL 7368414, at *5 (quoting *Schlosser v. Metro. Prop. & Cas. Ins. Co.*, No. 12-1301, 2012 WL 4471862, at *2 (E.D. La. Sept. 27, 2012)).

[46] *Mahadev*, 2024 WL 3588579, at *4.

faith conduct."[47] "[A]n insurer's refusal to pay a claim or withholding of funds is not in bad faith when based on a genuine dispute over coverage."[48] "[T]he fact that the parties' experts reached different conclusions in their respective assessments gives rise to a dispute in the extent of Plaintiffs' coverage[] but does not illustrate a genuine issue of fact as to [an insurer's] 'bad faith.'"[49] "Rather, the instant summary judgment turns on whether Plaintiff[] offered evidence to support a finding that [Garrison] acted in a manner that was 'arbitrary,' 'capricious,' or 'without probable cause' in [its] withholding of disputed insurance payments to Plaintiff[]."[50]

Having reviewed the summary judgment record, the Court finds that Plaintiff has offered no evidence that Garrison's conduct was arbitrary, capricious, or without probable cause. This case is nothing more than a "genuine dispute over coverage."[51] That alone "does not illustrate a genuine issue of fact as to [an insurer's] 'bad faith.'"[52] Therefore, Plaintiff cannot show that a reasonable jury could rule in her favor as to Garrison's alleged bad faith failure to pay. Accordingly, Garrison's Motion for Partial Summary Judgment is granted.

---

[47] *Id.* (citing *Duhon v. State Farm Mut. Auto. Ins. Co.*, 06-1413 (La. Ct. App. 3 Cir. 3/7/07), 952 So. 2d 908; *Jouve v. State Farm Fire & Cas. Co.*, 10-1522 (La. App. Ct. 4 Cir. 8/17/11), 74 So. 3d 220, 225–28.
[48] *Creamer Bros. Inc. v. Gen. Cas. Co. of Wis.*, No. 22-06110, 2025 WL 818579, at *3 (W.D. La. Mar. 13, 2025) (citing *Versai Mgmt. Corp.*, 597 F.3d at 737).
[49] *Id.* at *4.
[50] *Id.*
[51] *Id.* at *3.
[52] *Id.* at *4.

## IV. CONCLUSION

For the foregoing reasons, Defendant Garrison Property and Casualty Insurance Company's Motion for Partial Summary Judgment[53] is **GRANTED**, and Plaintiff Linda Hudnall's bad faith claim is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  1st  day of  December , 2025.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[53] Rec. Doc. 11.